# In the United States Court of Federal Claims

No. 24-1019
Filed: March 2, 2026

|  |  |
|---|---|
| TRAVIS RAY THOMPSON, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

*Travis Ray Thompson*, *pro se*, Delano, California, for plaintiff.

*Michael T. Collins,* United States Department of Justice, Tax Division, Washington, D.C., for defendant.

**OPINION AND ORDER**

*SMITH*, **Senior Judge**

On April 3, 2024, plaintiff Travis Ray Thompson, proceeding *pro se*, filed suit in this Court against the United States. *See generally* Compl., ECF No. 1 [hereinafter Compl.]. He seeks, *inter alia*, a refund on three Economic Impact Payments ("EIPs") enacted by Congress. Before the Court is defendant's motion to dismiss, ECF No. 12, for lack of subject matter jurisdiction and for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Court of Federal Claims ("RCFC"). For the reasons stated below, the Court **GRANTS** defendant's motion.

## I.    BACKGROUND

During the height of the COVID-19 pandemic, Congress authorized a series of EIPs to alleviate economic hardship to American citizens. Beginning in March 2020, the Coronavirus Aid, Relief, and Economic Security Act provided a $1,200 tax credit to "eligible individuals." Pub. L. No. 116-136, 134 Stat. 281, 335 (2020); *see* I.R.C. § 6428. Later that year, eligible individuals could receive an additional $600 under the Consolidated Appropriations Act. Pub. L. 116-260, 134 Stat. 1182, 1965 (2020); *see* I.R.C. § 6428A. And in March 2021, the American Plan Rescue Act disbursed up to $1,400 in tax credits to eligible individuals. Pub. L. 117-2, 135 Stat. 4, 138 (2021); *see* I.R.C. § 6428B. From April 2020 to December 2021, the Internal Revenue Service (the "IRS") issued approximately $837 billion in EIP payments. *See* U.S. GOV'T ACCOUNTABILITY OFF., GAO-22-106044, STIMULUS CHECKS: DIRECT PAYMENTS TO INDIVIDUALS DURING THE COVID-19 PANDEMIC (2022).

1

As a prerequisite, all eligible individuals must provide a "valid identification number" or else the credit will be reduced to zero. I.R.C. §§ 6428(g)(1)(A); 6428A(g)(1); 6428B(e)(2)(A). A valid identification number in this instance means a Social Security number. *See* I.R.C. §§ 24(h); 6428B(e)(2)(D)(i). Generally, eligible individuals could begin receiving EIPs in the 2020 or 2021 tax years.

Plaintiff is currently incarcerated at Kern Valley State Prison in Delano, California. Compl., at 4. He has been imprisoned since 1993. *See* Compl. Attach., ECF No. 11, at 4 [hereinafter Am. Compl.].[1] At some point, plaintiff learned of the opportunity to receive EIP payments from the IRS. He initially claimed a $1,800 tax refund for the 2019 tax year and a $1,400 refund for the 2020 tax year. Compl., at 2; Am. Compl., at 19, 26. Plaintiff allegedly filed Form 1040 and Form 1040X's for those years, but he failed to sign each document. *Id.* at 19–20, 26–31. While plaintiff did not overtly allege a 2021 tax refund claim, he filed a Form 3911 for the taxable years "2019-2022" that claimed a $3,200 refund. *Id.* at 24–25. To claim his refunds, plaintiff sent what he believed was his identification number to the IRS. *Id.* at 4–5, 10, 12, 14, 19, 26, 28, 30. Defendant responded each time that plaintiff submitted an incorrect identification number. *See id.* at 2, 8, 12, 16; *see also* ECF No. 12-1; ECF No. 12-2. In addition, plaintiff asserted that a data breach occurred at the California Department of Corrections and Rehabilitation. *See* Compl., at 2. As a result, plaintiff filed an identity theft claim in June 2021 "asserting that somebody may have filed for EDD [sic] in [plaintiff's] name, causing irreparable damage to his Social Security number." *Id.*

## II.    PROCEDURAL HISTORY

Plaintiff initially sought relief in the United States Tax Court, which granted defendant's motion to dismiss. *See* ECF No. 1-3. Plaintiff then filed suit in this Court. In addition to recovering EIP credits, plaintiff also sought an "abatement" and an order for defendant to respond to his identify theft claim. Compl., at 3. Soon after plaintiff filed his amended complaint, defendant filed its motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim on October 11, 2024. *See generally* ECF No. 12. Following a full briefing schedule, the Court on June 24, 2025, stayed the case until December 1, 2025. *See* Order Staying Case, ECF No. 18. In doing so, the Court gave plaintiff the opportunity to cure jurisdictional and procedural defects in his lawsuit. *Id.* at 2. This included: (1) amending his tax returns for the 2020 and 2021 taxable years; (2) determining his correct Social Security number; and (3) signing all relevant forms. *Id.* As his deadline approached, plaintiff moved for a thirty-day enlargement of time to obtain his Social Security number. *See* ECF No. 20. The Court granted plaintiff's motion and extended his deadline until December 31, 2025. *See* ECF No. 21. To date, plaintiff has failed to submit any materials that demonstrate he fixed the identified deficiencies in his lawsuit.

---

[1] The Court previously agreed to construe plaintiff's original complaint with his attachments as plaintiff's amended complaint. *See* ECF No. 10.

### III.    LEGAL STANDARDS

#### A.  The Tucker Act.

The Tucker Act confers jurisdiction on the Court of Federal Claims to hear cases against the United States founded "upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976).  Accordingly, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

#### B.  Dismissal for Lack of Subject-Matter Jurisdiction.

When considering a motion to dismiss for lack of subject-matter jurisdiction, the Court will treat factual allegations in the complaint as true and will construe those allegations in the light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).  This Court "has traditionally held the pleadings of a *pro se* plaintiff to a less stringent standard than those of a litigant represented by counsel." *Santini v. United States*, 173 Fed. Cl. 724, 726 (2024) (citing *Hughes v. Rowe*, 440 U.S. 5, 9 (1980)).  However, the Court will not "bend . . . [or] take a liberal view of jurisdictional requirements for *pro se* litigants." *Stanley v. United States*, 107 Fed. Cl. 94, 98 (2012) (citing *Kelly v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).  Thus, a *pro se* plaintiff must establish subject-matter jurisdiction by a preponderance of the evidence. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002).  When a motion to dismiss for lack of subject matter jurisdiction "challenges the truth of jurisdictional facts alleged in the complaint, the [] court may consider relevant evidence in order to resolve the factual dispute." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988).  If the Court determines it lacks subject matter jurisdiction at any time, it must dismiss the action.  RCFC 12(h)(3).

### IV.    DISCUSSION

#### A. Plaintiff's Procedural Defects Leaves This Court Without Subject-Matter Jurisdiction Over His Tax Refund Claims.

Defendant asserted that this Court lacked subject-matter jurisdiction over plaintiff's purported 2021 tax refund claim. ECF No. 12, at 5–6.  The Court agrees and also concludes that it does not retain subject-matter jurisdiction over plaintiff's other refund claims. *See* RCFC 12(h)(3).

Under the Internal Revenue Code "taxpayers seeking a refund of taxes . . . must comply with tax refund procedures set forth in the Code." *United States v. Clintwood Elkorn Min. Co.*, 553 U.S. 1, 4 (2008); *see United States v. Dalm*, 494 U.S. 596, 609–10 (1990).  Those procedures begin with I.R.C. § 7422, which provides that no tax refund suit shall be heard "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."  I.R.C. § 7422(a).

3

The Supreme Court has interpreted the filing requirement as a "jurisdictional limitation." *Brown v. United States*, 22 F.4th 1008, 1011 (Fed. Cir. 2022) (citing *Dalm*, 494 U.S. at 609–10).

Additionally, plaintiffs must adhere to pleading requirements outlined in RCFC 9(m).  In particular, a plaintiff must provide "a copy of the claim for refund" and "the name, address, and identification number of the taxpayer(s) appearing on the return."  RCFC 9(m)(2)(A), (2)(B)(iv).  Those requirements "embody the jurisdictional prerequisites for maintaining such a suit in [the Court of Federal Claims.]"  *Whiteford v. United States*, 148 Fed. Cl. 111, 121 (2020); *see Koopmann v. United States*, 151 Fed. Cl. 798, 804 (2021) (Enforcing Rule 9(m) "ensures that the plaintiff has met the jurisdictional requirements of [I.R.C. § 7422(a)].").  Non-compliance with Rule 9(m) frequently results in dismissal for lack of jurisdiction.  *See Whiteford*, 148 Fed. Cl. at 121.

Here, plaintiff did not provide a valid Social Security number on his tax returns.  ECF No. 12, at 7–9.  Plaintiff sent the IRS several communications that listed his proposed identification number. Am. Compl., at 4–5, 10, 12, 14, 19, 26, 28, 30.  However, defendant entered that number in its database which yielded no results.  *See* ECF No. 12-1, at 1; ECF No. 12-2, at 2.  The IRS further told plaintiff that his Social Security number "belongs to someone else."  Am. Compl., at 8.  Since IRS records "are presumed to be true, accurate, and correct," plaintiff must show that defendant mismanaged his file.  *Harris v. United States*, 44 Fed. Cl. 678, 682 (1999), *aff'd*, 232 F.3d 912 (Fed. Cir. 2000).  He did not.  Thus, plaintiff failed to provide a proper identification number as contemplated by Rule 9(m).  *See* RCFC 9(m)(2)(B)(iv).  Furthermore, defendant represented that plaintiff failed to attach copies of Form 1040s or "other documents that could constitute an administrative claim for refund" in his complaint. *See* ECF No. 9, at ¶ 4(a).  Plaintiff then filed his amended complaint which included multiple Form 1040 and Form 1040Xs for the 2019 and 2020 taxable years. *See* Am. Compl., at 19–20, 26–31. None of those forms bore his signature. *See id.* Plaintiff asserted that the original Form 1040s he allegedly submitted to the IRS "were always signed." ECF No. 14, at 2. But by his own admission, plaintiff's "personal cop[ies]" that he sent to the Court and defendant failed to satisfy Rule 9(m). *Id.*  Thus, plaintiff conceded that his original tax returns that he supposedly filed materially differed from his personal copies. ECF No. 15, at 3.  While the Court provided plaintiff with an opportunity to correct this deficiency, plaintiff's still unverified tax returns do not constitute "a copy of the claim for refund" under Rule 9(m). *Id.*; *see* RCFC 9(m)(2)(A).  In sum, plaintiff's repeated failure to correct these deficiencies leaves the Court without jurisdiction to hear his tax refund claims.  *See El v. United States*, 144 Fed. Cl. 741, 752 (dismissing a *pro se* plaintiff's tax refund suit for lack of subject matter jurisdiction after being given multiple opportunities to adhere to Rule 9(m) requirements).

In so far that plaintiff filed a signed a Form 3911 for the "2019-2022" tax years, the Court also lacks subject-matter jurisdiction under I.R.C. § 7422(a).  To satisfy the filing requirement, a taxpayer may file either: (1) a Form 1040 original tax return; or (2) a Form 1040X amended return when an original Form 1040 has already been filed.  Treas. Reg. § 301.6402-3(a)(1)–(2).  Taxpayers should only use a Form 3911 to trace a refund check that has *already been issued*.  Am. Compl., at 24–25; *see Ross v. Bolin*, No. 121CV01753JLTSAB, 2022 WL 992967, at *5 (E.D. Cal. Apr. 1, 2022); *Goodnough v. Internal Revenue Serv.*, No. 2:23-CV-490-KJD, 2024 WL 3967253, at *5 n. 4 (D. Vt. Aug. 28, 2024) (concluding that a Form 3911 could not cure jurisdictional defects when the plaintiff failed to file a Form 1040 or 1040X to claim EIP benefits).

4

Defendant never issued plaintiff an EIP.  Plaintiff cannot use his Form 3911 to replace the Form 1040 or 1040X that he should have filed for each year. *See* Treas. Reg. § 301.6402-3(c). ("If a particular form is prescribed on which the claim must be made, then the claim must be made on the form so prescribed.").  Thus, plaintiff failed to satisfy the filing requirement, and the Court will "bend" no more to plaintiff's jurisdictional deficiencies. *Stanley*, 107 Fed. Cl. at 98.

Therefore, the Court **GRANTS** defendant's motion to dismiss for lack of subject-matter jurisdiction on plaintiff's 2021 tax refund claim and, *sua sponte*, **DISMISSES** plaintiff's 2019 and 2020 tax refund claims for lack of subject-matter jurisdiction as well.

**B. The Court Lacks Subject-Matter Jurisdiction to Hear Plaintiff's Mandamus and Abatement Claims.**

Plaintiff also moved for an order that would compel defendant to respond to his identity theft claim and for "abatement."  Compl., at 3.  Defendant argues that the Court is barred from hearing these claims. ECF No. 12, at 9–10.  The Court agrees with defendant.

Aside from the Supreme Court, all federal courts "are established by Congress and possess only the jurisdiction granted to them by [] Congress." *In re United States*, 877 F.2d 1568, 1571 (Fed. Cir. 1989).  In this instance, Congress gave *district courts* original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiff." 28 U.S.C.A. § 1361.  The Court of Federal Claims does not qualify as a federal district court.  *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002).  Plaintiff's request that defendant review his identity theft claim constitutes mandamus relief because he seeks to compel defendant "to perform a duty owed to [him]."  28 U.S.C.A. § 1361; Compl., at 2.  However, this Court faces a jurisdictional bar and therefore cannot entertain plaintiff's claim.  *See Alvarado Hosp., LLC v. Price*, 868 F.3d 989, 987 (Fed. Cir. 2017) ("[The] Court of Federal Claims does not have jurisdiction over . . . mandamus relief."); *Perry v. United States*, No. 2020-2084, 2021 WL 2935075, at *4 (Fed. Cir. July 13, 2021).

The Court also lacks jurisdiction over plaintiff's abatement claim.  "Abatement of taxes is discretionary on part of the [IRS]." *Gluck v. United States*, 84 Fed. Cl. 609, 615 (2008). Abatement occurs when the IRS "agrees that an assessment [of interest or taxes] is erroneous or excessive." *Id.*  But again, this Court faces a jurisdictional bar to hear plaintiff's claim.  *See* I.R.C. § 6404(h)(1) (granting the United States Tax Court exclusive jurisdiction over interest abatement claims); *see also Hinck v. United States*, 446 F.3d 1307, 1313 (Fed. Cir. 2006); *Gluck*, 84 Fed. Cl. at 615.

Therefore, the Court **GRANTS** defendant's motion to dismiss for lack of subject-matter jurisdiction as it relates to plaintiff's mandamus and abatement claims.

V.    **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss, ECF No. 12, for lack of subject-matter jurisdiction under RCFC 12(b)(1).  Because the Court lacks subject-matter jurisdiction over plaintiff's claims, it declines to address defendant's motion to dismiss for

failure to state a claim under RCFC 12(b)(6).  The Court also **DISMISSES** plaintiff's complaint, ECF No. 1, **WITHOUT PREJUDICE**.  The Court directs the Clerk of the Court to enter judgment in favor of defendant, consistent with this Order.

      **IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge