<span style="color:red">**CORRECTED**</span>

# In the United States Court of Federal Claims

No. 24-1019
Filed: June 8, 2026

|  |  |
|---|---|
| TRAVIS RAY THOMPSON, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## ORDER

Plaintiff Travis Ray Thompson, proceeding *pro se*, filed a motion for reconsideration under Rule 59 of the Court of Federal Claims ("RCFC") seeking relief from the Court's earlier opinion that granted the government's motion to dismiss for lack of subject-matter jurisdiction. *See* Mot. for Recons., ECF No. 25. Upon review, the Court finds that the underlying circumstances do not warrant reconsideration and therefore **DENIES** plaintiff's motion. However, the Court notes that it dismissed plaintiff's complaint without prejudice, meaning that plaintiff can re-file his claim with this Court.

## I.     BACKGROUND

On April 3, 2024, plaintiff filed suit and sought to recover a series of Economic Impact Payments ("EIPs") enacted by Congress during the COVID-19 pandemic. *See* Compl., ECF No. 1 at 3; *see also* I.R.C. §§ 6428, 6248A, 6248B. Plaintiff also sought an order to compel defendant to respond to his identity theft claim and an "abatement." Compl. at 3. After defendant raised jurisdictional issues with his complaint, plaintiff later filed supplemental materials that the Court construed as his amended complaint. *See* Answer, ECF No. 9; Am. Compl., ECF No. 11. Plaintiff's submission included various Form 1040 and Form 1040X tax returns that lacked his signature and included what he believed was his Social Security number. *See* Am. Compl. at 4–5, 10, 12, 14, 19, 26, 28, 30. The Internal Revenue Service noted that plaintiff submitted an incorrect identification number multiple times. *See id.* at 2, 8, 12, 16.

In October 2024, defendant moved to dismiss this case for lack of subject-matter jurisdiction and for failure to state a claim. *See generally* Def.'s Mot. to Dismiss, ECF No. 12. After briefing concluded, the Court stayed the case from June 2025 until December 2025 to allow plaintiff to cure lingering jurisdictional and procedural defects. *See generally* Order Staying Case, ECF No. 18. In particular, the Court ordered plaintiff to (1) amend his tax returns for the 2020 and 2021 taxable years; (2) determine his correct Social Security number; and (3) sign all relevant forms. *Id.* at 2. On November 20, 2025, plaintiff requested a 30-day extension of time to obtain

1

his Social Security number.  *See* Pl.'s Mot. for Extension of Time, ECF No. 20.  The Court granted plaintiff's motion, which extended his deadline until December 31, 2025.  *See* Order Granting Pl.'s Mot. for Extension of Time, ECF No. 21.  Despite being given additional time, plaintiff failed to comply with the Court's order.

Thereafter, the Court granted defendant's motion to dismiss for lack of subject-matter jurisdiction and dismissed plaintiff's complaint without prejudice on March 2, 2026.  *See Thompson v. United States*, 180 Fed. Cl. 741 (2026).  Two days after the Court issued its opinion, plaintiff filed a second request for extension of time, which the Court rejected.  *See* ECF No. 24-1 at 1.  Now, more than two months later, plaintiff filed his motion for reconsideration.  ECF No. 25.

## II.    DISCUSSION

Plaintiff accuses this Court of abusing its discretion by "not taking as true [his] original Form 1040s had been signed."  *Id.* at 1.  He then describes his interactions with the Social Security Administration which allegedly resulted in plaintiff receiving his Social Security number on April 27, 2026.  *Id.* at 2.  Since plaintiff may now cure his jurisdictional defects, he moves for the Court to reopen his case.  *Id.*

Motions for reconsideration are subject to the court's discretion.  *Amber Rs. Co. v. United States*, 78 Fed. Cl. 508, 513 (2007) (citing *Yuba Natural Res. v. United States*, 904 F.2d 1577, 1583).  Such motions will not be granted absent extraordinary circumstances and may not be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Bevirt v. United States*, 180 Fed. Cl. 217, 220 (2026) (citations omitted).

Plaintiff seeks relief under RCFC 59(a)(1)(C), which requires a "showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to *the United States*." (emphasis added).  However, this Court has previously recognized that this subsection "only applies when the government moves for reconsideration."  *Johnson v. United States*, 126 Fed. Cl. 558, 560 (2016); *Mendez v. United States*, No. 11-160C, 2014 WL 2772590, at *3 (Fed. Cl. June 18, 2014), *aff'd*, 600 F. App'x 731 (Fed. Cir. 2015).  Here, the government does not move for reconsideration under RCFC 59(a)(1)(C).  That reason alone is sufficient grounds for denying plaintiff's motion.  Regardless, plaintiff has not demonstrated that any fraud, wrong, or injustice has been done to the United States.  *See generally* ECF No. 25.  At the same time, RCFC 59 provides other bases for relief.  *See* RCFC 59(a)(1)(A)–(B).  But movants must file their motions under subsections (A) and (B) within 28 days of the entry of final judgment.  *See* RCFC 59(b)(1).  Plaintiff filed his motion for reconsideration on May 26, 2026—more than two months after final judgment was entered on March 2, 2026.  ECF No. 25.  His motion, therefore, is untimely.[1]

Even if plaintiff timely filed his motion under RCFC 59(a)(1)(A), he still fails on the merits. To succeed on a motion for reconsideration, a plaintiff must show that "(a) an intervening change in the controlling law has occurred since the original decision; (b) evidence not previously available has become available; or (c) the motion is necessary to prevent manifest injustice."

---

[1]     Plaintiff served defendant's counsel with his motion on May 1, 2026.  *See* ECF No. 25 at 23.  This submission, in addition to not being sent to the Court, was also untimely.

2

*Johnson*, 126 Fed. Cl. at 560.  "Newly discovered evidence is only such evidence as could not have been discovered by exercise of due diligence prior to the rendition of the initial decision." *Ingham Reg's Med. Ctr. v. United States*, 155 Fed. Cl. 1, 12 (2021).

Plaintiff does not point to any change in controlling law in his motion.  *See* ECF No. 25. His recently obtained Social Security number also does not qualify as newly discovered evidence. While he faced obstacles in his pursuit of his identification number, plaintiff's Social Security number was available before judgment and could have been received had plaintiff exercised reasonable diligence.  *Ingham Reg's Med.*, 155 Fed. Cl. at 12.  As a jurisdictional pre-requisite, plaintiff's Social Security number arguably does not constitute evidence either.  And despite these difficulties in obtaining his Social Security number, the leeway afforded to *pro se* litigants does not extend to jurisdictional deficiencies.  *Gibson v. United States*, 121 Fed. Cl. 367, 369 (2015); *see also Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008) (precluding plaintiffs from using later events to create subject-matter jurisdiction when none existed at the time of filing).

Under these circumstances, the Court declines to reconsider its earlier opinion and order that dismissed plaintiff's complaint.  Indeed, the Court gave plaintiff several opportunities to correct his jurisdictional defects, but he failed to do so.  But since the Court dismissed this case without prejudice, plaintiff may re-file his claim with his Social Security number and signed tax returns for the Court to properly hear his case.  The Court expresses no position on the merits of any claim that plaintiff may bring in the future.

## III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's motion for reconsideration, ECF No. 25.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge

3